**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In Re   Antoinette L Lindsey | ) | |
| Debtor(s) | ) | Case No. 17-25013 |
| | ) | Chapter 13 |
| | ) | Judge Deborah L Thorne |

## NOTICE OF MOTION

To:

Marilyn O Marshall, Chapter 13 Trustee, 224 S Michigan Ave Suite 800 Chicago, IL 60604, via electronic court notification;

Antoinette L Lindsey, 2500 S. 57th Avenue, 1st Floor Cicero, IL  60804, via U.S. mail;

Attached parties as listed on Notice of 341 Meeting of Creditors and Certificate of Notice (served via U.S. Mail or ECF).

PLEASE TAKE NOTICE that on May 09, 2018 at 9:30 AM I shall appear before Judge Deborah L Thorne at 219 South Dearborn, Courtroom 613, Chicago, Illinois  60604 and present the attached motion and you may appear if you so choose.  The Bankruptcy Court will hold a hearing to consider a request by Debtor(s) Counsel for payment of legal fees in the amount of $4000.00 plus expenses of $402.76, if there are no objections, the Court may confirm the plan and allow fees requested by Debtor's counsel to be paid through the plan.

/s/ Elizabeth Placek
Attorney for Debtor
The Semrad Law Firm, LLC
20 South Clark Street, 28th Floor
Chicago, IL 60603
(312) 913-0625

## PROOF OF SERVICE

I, the undersigned, certify that I caused this Notice and a copy of the attached document(s) to be served upon the entities named above by depositing the same in the U.S. Postal Service's mail box at 20 S. Clark Street, Chicago, IL 60603, on April 17 2018, except that the Trustee and any other party indicated in the Notice of Filing were served electronically by the court on such date.

/s/ Elizabeth Placek
Attorney for Debtor

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0752-1<br>Case 17-25013<br>Northern District of Illinois<br>Chicago<br>Thu Apr 12 12:55:00 CDT 2018 | Capital One Auto Finance c/o AIS Portfolio S<br>P.O. BOX 4360<br>Houston, TX 77210-4360 | Capital One Auto Finance c/o AIS Portfolio S<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 |
| Capital One Auto Finance, a division of Capi<br>P.O. BOX 165028<br>IRVING, TX 75016-5028 | U.S. Bankruptcy Court<br>Eastern Division<br>219 S Dearborn<br>7th Floor<br>Chicago, IL 60604-1702 | Affordabl FU<br>1314 N Milwaukee Ave<br>Chicago, IL 60622-9148 |
| Arnold Scott Harris<br>111 W. Jackson # 600<br>Chicago, IL 60604-3517 | CAPITAL ONE AUTO FINAN<br>3901 DALLAS PKWY<br>PLANO, TX 75093-7864 | CONVERGENT OUTSOURCING<br>10750 HAMMERLY BLVD #200<br>Houston, TX 77043-2317 |
| Capital One Auto Finance<br>c/o AIS Portfolio Service<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | City of Berwyn<br>PO Box 7723<br>Carol Stream, IL 60197-7723 | City of Chicago - Parking and red Light Tick<br>121 N. LaSalle Street<br>Chicago, IL 60602-1202 |
| City of Chicago Department of Finance<br>c/o Arnold Scott Harris, P.C.<br>111 W. Jackson Blvd Ste. 600<br>Chicago, IL 60604-3517 | EDFINANCIAL<br>120 N SEVEN OAKS DR<br>KNOXVILLE, TN 37922-2359 | Edfinancial on behalf of US Dept of Educ<br>120 N Seven Oaks Drive<br>Knoxville, TN 37922-2359 |
| IL Tollway<br>PO Box 5544<br>Chicago, IL 60680-5544 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | PLS - Bankruptcy<br>PO Box 800849<br>Dallas, TX 75380-0849 |
| REGIONAL ACCEPTANCE CO<br>355 DANBEY RD<br>HENDERSON, NC 27536 | Regional Acceptance Co<br>1271 Semoran Blvd<br>Casselberry, FL 32707-7103 | Regional Acceptance Corporation<br>PO Box 1847<br>Wilson, NC 27894-1847 |
| Rush Hospital<br>1700 W Van Buren # 161<br>Chicago, IL 60612-3228 | The Payday Loan Store<br>c/o Creditors Bankruptcy Service<br>P.O. Box 800849<br>Dallas, TX 75380-0849 | Town of Cicero<br>4949 W. Cermak Rd<br>Cicero, IL 60804-3497 |
| (p)US BANK<br>PO BOX 5229<br>CINCINNATI OH 45201-5229 | Village of Hanover Park<br>2121 W Lake St<br>Hanover Park, IL 60133-4398 | Village of Hillside Parking<br>Po Box 7724<br>Carol Stream, IL 60197-7724 |
| Village of Maywood<br>40 Madison Street<br>Maywood, IL 60153-2323 | Aaron M Weinberg<br>The Semrad Law Firm, LLC<br>20 S. Clark St.<br>28th Floor<br>Chicago, IL 60603-1811 | Antoinette L Lindsey<br>2500 S. 57th Avenue<br>1st Floor<br>Cicero, IL 60804-3244 |

| | | |
|---|---|---|
| Marilyn O Marshall | Michael A Miller | Patrick S Layng |
| 224 South Michigan Ste 800 | The Semrad Law Firm, LLC | Office of the U.S. Trustee, Region 11 |
| Chicago, IL 60604-2503 | 20 S. Clark, 28th Floor | 219 S Dearborn St |
| | Chicago, IL 60603-1811 | Room 873 |
| | | Chicago, IL 60604-2027 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

U S BANK
101 5TH ST E STE A
SAINT PAUL, MN 55101

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)The Semrad Law Firm, LLC | (d)Capital One Auto Finance, a division of Ca | End of Label Matrix |
| | P.O. Box 165028 | Mailable recipients    32 |
| | Irving, TX 75016-5028 | Bypassed recipients     2 |
| | | Total                  34 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 17-25013 |
| Antoinette L Lindsey | ) | |
| | ) | Chapter: 13 |
| | ) | |
| | ) | |
| | ) | |
| Debtor(s) | ) | SELECT IF OUTLYING AREA |

**ATTORNEY'S APPLICATION FOR CHAPTER 13 COMPENSATION UNDER
THE COURT-APPROVED RETENTION AGREEMENT**
(Use for cases filed on or after April 20, 2015)

The undersigned attorney seeks compensation pursuant to 11 U.S.C. § 330(a)(4)(B) and the **Court-Approved Retention Agreement** executed by the debtor(s) and the attorney, for representing the interests of the debtor(s) in this case.

**Use of Court-Approved Retention Agreement:**

The attorney and the debtor(s) have entered into the Court-Approved Retention Agreement.

**Attorney Certification:**

The attorney hereby certifies that:
1. All disclosures required by General Order No. 11-2 have been made.

2. The attorney and the debtor(s) have either:

   (i) not entered into any other agreements that provide for the attorney to receive:

   a. any kind of compensation, reimbursement, or other payment, or

   b. any form of, or security for, compensation, reimbursement, or other payment that varies from the Court-Approved Retention Agreement; or

   (ii) have specifically discussed and understand that:

   a. the Bankruptcy Code may require a debtor's attorney to provide the debtor with certain documents and agreements at the start of the representation;

   b. the terms of the Court-Approved Retention Agreement take the place of any conflicting provision in an earlier agreement;

   c. the Court-Approved Retention Agreement cannot be modified in any way by other agreements; and

   d. any provision of another agreement between the debtor and the attorney that conflicts with the Court-Approved Retention Agreement is void.

**Compensation sought for services in this case pursuant to the Court-Approved Retention Agreement:**

$ 4000.00  flat fee for services through case closing

**Reimbursement sought for expenses in this case:**

$ 310.00  for filing fee paid by the attorney with the attorney's funds

$ 92.76  for other expenses incurred in connection with the case and paid by the attorney with the attorney's funds (itemization must be attached)

$ 402.76  Total reimbursement requested for expenses.

**Funds previously paid to the attorney by or on behalf of the debtor(s) in the year before filing this case and not reflected in or related to the Court-Approved Retention Agreement:**

✔ None
A total of  $

Date of Application:  4/17/2018    Attorney Signature  /s/Elizabeth Placek

Local Bankruptcy Form 23-1

# Expenses

Docket No:  17-25013

Debtor(s):  Antoinette L Lindsey

| **Expense** | **Date Incurred** | **Total Charge** |
|---|---|---|
| Credit Report- Single $27 | 8/14/2017 | $27.00 |
| COPIES | 8/14/2017 | $10.00 |
| POSTAGE | 8/14/2017 | $10.00 |
| TAX TRANSCRIPTS | 8/14/2017 | $5.00 |
| Credit Counseling Advising- Single | 8/14/2017 | $9.76 |
| FILING FEE CHAPTER 13 | 8/21/2017 | $310.00 |
| AMENDMENT FEE | 12/4/2017 | $31.00 |
| | **TOTAL CHARGE** | **$402.76** |

B2030 (Form 2030) (12/15)

# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois

In re    **Antoinette L Lindsey**    Case No. _____
            Debtor                                           (If known)

Chapter    **Chapter 13**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the abovenamed debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept      $4,000.00
   Prior to the filing of this statement I have received      $350.00
   Balance Due      $3,650.00

2. The source of the compensation paid to me was:
   [✓] Debtor      [ ] Other (specify)

3. The source of the compensation paid to me is:
   [✓] Debtor      [ ] Other (specify)

4. [✓] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   [ ] I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

   8/14/2017                                      /s/ Michael Miller
     Date                                             Signature of Attorney

                                                         Semrad Law Firm
                                                         Name of law firm



UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
CHAPTER 13 DEBTORS AND THEIR ATTORNEYS

(Court-Approved Retention Agreement, Use for cases filed on or after September 19, 2016)

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure, but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to certain services from their attorneys, but debtors also have responsibilities to their attorneys. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved this agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys, including how their attorneys will be paid for their services in the Chapter 13 case. By signing this agreement, debtors and their attorneys accept these responsibilities.

The Bankruptcy Code may require a debtor's attorney to provide the debtor with certain documents and agreements at the start of the representation. The terms of this court-approved agreement take the place of any conflicting provision in an earlier agreement. This agreement cannot be modified in any way by other agreements. Any provision of another agreement between the debtors and the attorney that conflicts with this agreement is void.

### A. *BEFORE THE CASE IS FILED*

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy Rule and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

1 

6. Advise the debtor of the need to maintain appropriate insurance.

### B. *AFTER THE CASE IS FILED*

THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor must also bring to the meeting a social security card.) The debtor must be present in time for check-in and, when the case is called, for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce.)

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

9. Supply the attorney with copies of all tax returns filed while the case is pending.

THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

2

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements, and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Prepare, file, and serve a notice of conversion to Chapter 7, pursuant to § 1307(a) of the Bankruptcy Code and Local Bankruptcy Rule 1017-1.

17. Provide any other legal services necessary for the administration of the case.

### C. TERMINATION OR CONVERSION OF THE CASE AFTER ENTRY OF AN ORDER APPROVING FEES AND EXPENSES

1. Approved fees and expenses paid under the provisions set out below are generally not refundable in the event that the case is dismissed prior to its completion, unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If such a dismissal is due to a failure by the attorney, the court may order a refund of fees on motion by the debtor.

2. If the case is dismissed after approval of the fees and expenses but before payment of all allowed fees and expenses, the order entered by the Bankruptcy Court allowing the fees and expenses is not a judgment against the debtor for the unpaid fees and expenses based on contract law or otherwise.

3. If the case is converted to a case under Chapter 7 after approval of the fees and expenses under this agreement but before the payment of all fees and expenses, the attorney will be entitled to an administrative claim in the Chapter 7 case for any unpaid fees and expenses, pursuant to § 726(b) of the Bankruptcy Code, plus any conversion fee the attorney pays on behalf of the debtor.



3

### D.    RETAINERS AND PREVIOUS PAYMENTS

1. The attorney may receive a retainer or other payment before filing the case but may not receive fees directly from the debtor after the filing of the case. Unless the following provision is checked and completed, any retainer received by the attorney will be treated as a security retainer, to be placed in the attorney's client trust account until approval of a fee application by the court.

☑     The attorney seeks to have the retainer received by the attorney treated as an advance payment retainer, which allows the attorney to take the retainer into income immediately. The attorney hereby provides the following further information and representations:

(a)     The special purpose for the advance payment retainer and why it is advantageous to the debtor is as follows:

Client understands that any funds that client is rendering to The Semrad Law Firm, LLC as part of the advance payment retainer shall immediately become the property of The Semrad Law Firm, LLC in exchange for a commitment by The Semrad Law Firm, LLC to provide the legal services described above. Said funds will be deposited into the main bank account owned by The Semrad Law Firm, LLC and will be used for general expense of the firm. Client further understands that it is ordinarily the client's option to deposit funds with an attorney that shall remain client's property as security for future services. However, The Semrad Law Firm, LLC does not represent clients under such a security retainer because the preparation of a bankruptcy cases requires many disparate tasks and functions for the attorney and support staff; some of which require legal expertise while other may be only ministerial in nature. Client further understands that the benefit that client is receiving under the fee arrangement is the commitment of The Semrad Law Firm, LLC to perform any and all work reasonably necessary to represent client's interest absent any extraordinary circumstance.

(b)     The retainer will not be held in a client trust account and will become property of the attorney upon payment and will be deposited into the attorney's general account;

(c)     The retainer is a flat fee for the services to be rendered during the chapter 13 case and will be applied for such services without the need for the attorney to keep detailed hourly time records for the specific services performed for the debtor;

(d)     Any portion of the retainer that is not earned or required for expenses will be refunded to the client; and

(e)     The attorney is unwilling to represent the debtor without receiving an advanced payment retainer because of the nature of the chapter 13 case, the fact that the great majority of services for such case are performed prior to its filing, and the risks associated with the representation of debtors in bankruptcy cases in general.

2. In any application for compensation, the attorney must disclose to the court any fees or other compensation paid by the debtor to the attorney for any reason within the one year before the case filing, including the date(s) any such fees were paid.

### E.    CONDUCT AND DISCHARGE

1. *Improper conduct by the attorney.* If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

2. *Improper conduct by the debtor.* If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise engaging in improper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

3. *Discharge of the attorney.* The debtor may discharge the attorney at any time.

*AL* (handwritten initials)

4

### F.  ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES AND EXPENSES

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a flat fee of $4,000.00

2. In addition, the debtor will pay the filing fee in the case and other expenses of $371.76
3. Before signing this agreement, the attorney has received, $350.00
   toward the flat fee, leaving a balance due of $3,650.00 ; and $61.76 for expenses,
   leaving a balance due of $4,021.76

4. In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

Date:   8/14/2017

Signed:

/s/ Antoinette Lindsey

Debtor(s)

/s/ Michael Miller

Attorney for Debtor(s)

Do not sign if the fee amounts at top of this page are blank.

Local Bankruptcy Form 23c

# THE SEMRAD LAW FIRM

Attorneys & Counselors at Law
20 S. Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625

Agreement Regarding Priority Treatment of The Semrad Law Firm LLC's Fees and Expenses

Dear Client,

Thank you for choosing The Semrad Law Firm LLC (the Firm) to represent you in connection with your Chapter 13 bankruptcy case. In addition to the terms contained in the Court Approved Retention Agreement (CARA) it is our policy to confirm in writing how and when the Firm's fees and expenses will be paid. If there are any terms contained in this document that are in conflict with CARA, those terms are void.

Aside from any initial retainer that you pay the Firm, you will be required by pay the Firm fees and expenses through the Chapter 13 plan after it is approved by the Bankruptcy Court. Each month, you will pay the Trustee the amount stated in your Chapter 13 plan. The Trustee will then disburse that money out according to the provisions of your plan-to the Firm and other creditors.

The model Chapter 13 plan gives fourth priority to attorneys' fees, after the Trustee's fees, current mortgage payments, and payments to secured creditors listed in Paragraph's 3.1, 3.2, or 3.3 (for example, payments due to lenders on a loan to purchase a car, furniture, appliance or other item of personal property). The Firm intends to alter this priority scheme by modifying the model Chapter 13 plan to provide for payment of the Firm's attorney's fees and costs before any payments are made to your other creditors. That means that the money you send to the Trustee each month will first be paid to the Firm and may minimially pay the claims of your other creditors-until the Firm's fees and expenses are paid in full. Such claims of other creditors include your car note, other financed personal property, parking tickets, taxes, and any claims of other creditors that may be included in your plan.

Aside-from the Firm's commitment to perform any and all work reasonably necessary to represent you in this bankruptcy case without requiring you to pay a substantial amount of the fees and expenses up front. There is no benefit to you from this priority treatment of the Firm's fees and expenses. Furthermore, this arrangement presents certain risks. In the event that your case is dismissed before completion of the plan or if you decide to convert your case to a case under Chapter 7, it is likely that the Firm's attorneys' fees will have been paid while little of your other debts are paid.

In addition, there is the possibility that a creditor or the Trustee may object to the Firm being paid under this altered priority arrangement. In the event of such an objection, the Firm may lower that amount that the Firm will receive each month and increase the monthly payment to such creditor in order to resolve the objection. However, creditors may seek to recover

# THE SEMRAD LAW FIRM

Attorneys & Counselors at Law
20 S. Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625

additional attorneys' fees as a result of any such objection and you may be required to pay the creditors' additional attorneys' fees over time through the Chapter 13 Plan.

If you do not wish to pay the Firm's attorneys' fees and expenses ahead of your creditors as set forth above, you have the following options:

a. You can to pay the Firm an upfront retainer of $1,500 prior to filing your case and elect for the plan to pay your car note (and/or other claims secured by personal property) and mortgage arrears in equal set monthly payments along with the Firm's fees and expenses; or

b. You can seek representation by another firm under a different payment arrangement.

Please carefully review this letter. If the terms are not consistent with your understanding of our engagement in any respect or if you have any questions concerning the same, please notify us promptly. You can also seek advice from other counsel regarding your rights under this arrangement. Firm policy and a prior court order require that we receive confirmation of your acceptance of these terms in the form of your signature at the bottom of this letter. Please return the signed copy to the Firm as soon as possible.

Very Truly Yours,

THE SEMRAD LAW FIRM LLC

_____

One of its Attorneys

Accepted:

_____

{12378-001 AGR A0503234 0503235.DOCX}

Doc ID: 3a143e15c22e148954782dacd02aeba4dd2ad199



Audit Trail

| | |
|---|---|
| **TITLE** | Semrad Law Firm |
| **FILE NAME** | good priorty agreement.pdf |
| **DOCUMENT ID** | 3a143e15c22e148954782dacd02aeba4dd2ad199 |
| **STATUS** | ● Completed |

## Document History

**SIGNED**  **04/11/2018**  Signed by Aaron Weinberg (aweinberg@semradlaw.com)
17:45:34 UTC-5  IP: 38.104.242.222

**SENT**  **04/11/2018**  Sent for signature to Antoinette Lindsey
17:45:35 UTC-5  (antoinettelindsey@gmail.com) from aweinberg@semradlaw.com
IP: 38.104.242.222

**VIEWED**  **04/11/2018**  Viewed by Antoinette Lindsey (antoinettelindsey@gmail.com)
17:53:15 UTC-5  IP: 67.184.103.7

**SIGNED**  **04/11/2018**  Signed by Antoinette Lindsey (antoinettelindsey@gmail.com)
17:54:15 UTC-5  IP: 67.184.103.7

**COMPLETED**  **04/11/2018**  The document has been completed.
17:54:15 UTC-5